MYLES E. FLINT, II, Attorney
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044
(202) 514-2744
MF4213

RECEIVED
WILLIAM T. WALSH, CLERK

1998 NOV 20  P 12: 50

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

United States of America          :
           Plaintiff,             :
    v.                            :   Civil Action No. 98-5268
                                  :        (KSH)
NCH CORPORATION, NATIONAL         :
CHEMSEARCH CORPORATION OF NEW     :
JERSEY, INC., AMERICAN ALLSAFE    :   **FILED**
CO., INC. d/b/a CERTIFIED         :
LABORATORIES OF NEW JERSEY,       :
INC., MOHAWK LABORATORIES OF      :
NEW JERSEY, INC., or as a         :   NOV 20 1998
DIVISION OF NCH CORPORATION,      :
and LISBETH HIGGINS,              :
                                  :   AT 8:30 ............ M
           Defendants.            :   WILLIAM T. WALSH
                                           CLERK

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges:

### STATEMENT OF THE CASE

1. This is a civil action under Sections 107 and 113 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. H 9607 and*9613. In this action, the United States seeks to recover costs incurred and to be incurred by the United States to respond to releases or threatened releases of hazardous substances at or from the Higgins Farm Superfund Site (the "Site"), located in Fairfield Township, Somerset County, New Jersey.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§9607(a) and 9613(b), and 28 U.S.C. §§1331 and 1345.

3. Pursuant to Section 113(b) of CERCLA, 42 U.S.C.

§9613(b) and 28 U.S.C. §1391(b), venue is proper in this district because the releases or threatened releases of hazardous substances that give rise to the claims occurred in this judicial district.

## DEFENDANTS

4. Defendant NCH Corporation ("NCH"), is a corporation incorporated in the State of Delaware, which has a principal place of business located at 2727 Chemsearch Boulevard, Irving, Texas 75062.

5. Defendant National Chemsearch Corporation of New Jersey, Inc. ("National Chemsearch"), is a corporation incorporated in the State of Texas, which has a principal place of business located at 34 Stouts Lane, Monmouth Junction, New Jersey 08852.

6. Defendant American Allsafe Co., Inc. d/b/a Certified Laboratories of New Jersey, Inc. ("Certified"), is a corporation incorporated in the State of Texas, which has a principal place of business located at One Mack Center Drive, Paramus, New Jersey 07652.

7. Defendant Mohawk Laboratories of New Jersey, Inc. ("Mohawk"), is upon information and belief either a corporation incorporated in the State of New Jersey, with a principal place of business located at 34 Stouts Lane, Monmouth Junction, New Jersey 08852, or is a Division of NCH Corporation.

8. Lisbeth Higgins is an individual who resides at 121 Laurel Avenue, Kingston, New Jersey 08528.

9. Defendants NCH, National Chemsearch, Certified, and Mohawk are each a person, or a successor to a person, who by contract, agreement, or otherwise arranged for disposal or

treatment, or arranged with a transporter for the transport for disposal or treatment, of hazardous substances that it owned or possessed, which were deposited at the Site, within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. §9607(a)(3).

10. Lisbeth Higgins is the present owner of the Site and a person who owned the Site during the period of time in which hazardous substances were disposed of at the Site, within the meaning of Section 107(a)(1) and (2) of CERCLA, 42 U.S.C. §9607(a)(1) and (2).

## THE SITE

11. The Site is located in Franklin Township, Somerset County, New Jersey. A 75-acre cattle farm that consists primarily of pasture land with a pond and wooded area in its eastern portion is located on the Site.

12. The current owner, Lisbeth Higgins, jointly owned the Site with her husband, Clifford Higgins, Sr., from 1958 until his death in November, 1997. From the 1950's until 1985, Clifford Higgins, Sr. operated a waste hauling service and transfer station, Higgins Disposal Services, Inc., located approximately 2 miles from the Site.

13. From the 1950's until 1985, Higgins Disposal Services, Inc. hauled and disposed of industrial wastes in a landfill located on the Site. During the relevant time period, Higgins Disposal Services, Inc. hauled wastes, including drum wastes, from the defendants listed in paragraphs 4 through 7 and disposed of these wastes at the Site.

14. The Site was placed on the National Priorities List, 40 C.F.R. Part 300, Appendix B, in 1989. The National Priorities List is a national list of hazardous waste sites

posing the greatest threat to health, welfare and the environment. The National Priorities List has been established pursuant to Section 105(a) of CERCLA, 42 U.S.C. §9605(a).

15. Pursuant to Section 104 of CERCLA, 42 U.S.C. §9604, EPA conducted a Remedial Investigation and Feasibility Study ("RI/FS") at the Site, to investigate and determine the nature and extent of contamination at the Site. The RI/FS was completed in 1992.

16. The RI/FS demonstrated that the soils and groundwater at the Site are contaminated with hazardous substances, including but not limited to volatile organic compounds, such as benzene, xylenes, tetrachloroethane, tetrachloroethene, trichloroethane, trichloroethene, dichloroethane, dichloroethene, and vinyl chloride, and metals such as beryllium, copper, iron, lead and nickel.

17. In June 1990, EPA released a Focused Feasibility Study Report ("FFS") which evaluated the options for addressing the ground water contamination. Along with the FFS report, EPA released a Proposed Plan for the extension of an existing water line to service the residents affected by the ground water contamination.

18. On September 20, 1990, EPA issued a Record of Decision ("ROD") through which EPA selected a interim remedy that included connecting the residents affected by the contaminated ground water to an existing water supply.

19. On September 30, 1992, EPA issued a Record of Decision ("ROD") through which EPA selected a remedial action to address releases or threatened releases of hazardous substances at or from the Site. The ROD called for, among other things, the

·installation of ground water extraction wells around the perimeter of the Site and the source areas; construction of an on-Site treatment plant to treat the contaminated ground water; discharge of the treated ground water to an on-Site water body; implementation of a sampling program involving monitoring wells to evaluate off-Site migration and the effectiveness of the ground water extraction system.

20. The remedy has now been constructed and monitoring is on-going.

GENERAL ALLEGATIONS

21. The Higgins Farm Superfund Site is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. §9601(9).

22. There are and were, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. §9601(22), releases and threatened releases of hazardous substances into the environment at and from the Site.

23. Hazardous substances, within the meaning of Section 101(14) of CERCLA, 42 U.S.C. §9601(14), have been treated, stored, or disposed of at the Site. Such hazardous substances have been found at the Site.

24. As a result of the releases or threatened releases at or from the Site, the United States has incurred "response" costs as defined in Sections 101(25) and 107(a) of CERCLA, 42 U.S.C. §§9601(25) and 9607(a), for actions taken in response to the releases or threatened releases at or from the Site. The United States will continue to incur response costs in connection with the Site.

25. As a result of such response actions, the United

States has incurred approximately $15 million in unreimbursed response costs.

26. The response costs incurred by the United States in connection with the Site are not inconsistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300.

## CLAIM FOR RELIEF

27. Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part:

> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substances owned or operated any facility at which such hazardous substances were disposed of, and
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances...shall be liable for --
>
> ...(A) all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan; . . .

29. Lisbeth Higgins is liable under Section 107(a)(1) and (2) of CERCLA, 42 U.S.C. §9607(a)(1) and (2), as the present owner of the Site and as a person who at the time of the disposal of hazardous substances was an owner of the Site within the

meaning of Section 101(20)(A) of CERCLA, 42 U.S.C. §9601(20)(A).

30. NCH, National Chemsearch, Certified, and Mohawk are each liable under Section 107(a)(3) of CERCLA, 42 U.S.C. §9607(a)(3), as a person, or a successor to a person, who by contract, agreement, or otherwise arranged for the disposal of, or for the transport for disposal of, hazardous substances owned or possessed by each of them at the Site.

31. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), the defendants are jointly and severally liable to the United States for all costs incurred and to be incurred by the United States in connection with the Site.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, respectfully prays that this Court:

1. Enter judgment against the defendants, jointly and severally, and in favor of the United States for response costs incurred in connection with the Site, together with interest;

2. Enter a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. §9613(g)(2), against the defendants, jointly and severally, and in favor of the United States for all future response costs to be incurred by the United States in connection with the Site; and

3. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

LOIS J. SCHIFFER
Assistant Attorney General
Environment and Natural Resources
Division

*/s/ Myles E. Flint, II*
MYLES E. FLINT, II
Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 514-2744

FAITH S. HOCHBERG
United States Attorney
District of New Jersey

*/s/ Susan C. Cassell*
SUSAN C. CASSELL
Assistant United States Attorney
District of New Jersey
970 Broad Street, Room 502
Newark, New Jersey 07102

OF COUNSEL:
DEBORAH SCHWENK
Assistant Regional Counsel, Region II
U.S. Environmental Protection Agency
290 Broadway
New York, New York 10007-1866