UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff(s),<br><br>v.<br><br>NCH CORPORATION, et al.,<br><br>Defendant(s). | **CIVIL ACTION NO. 98-5268 (SDW-MCA)** |
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, and THE ADMINISTRATOR OF THE NEW JERSEY SPILL COMPENSATION FUND<br><br>Plaintiff(s),<br><br>v.<br><br>HIGGINS DISPOSAL, INC., et al.,<br><br>Defendant(s). | **CIVIL ACTION NO. 05-881 (SDW-MCA)** |

**CONSENT ORDER TO SEAL FEE INVOICES**

WHEREAS Sun Pipe Line Company ("Sun") and Sheehan Pipe Line Construction Company ("Sheehan") have conferred and reached an agreement narrowing the scope of materials to be filed under seal and resolving their dispute

with regard to Sun's February 11, 2010 Motion to Seal the Affidavit of Harold L. Segall and Accompanying Exhibits (Docket No. 473) and Sheehan's Opposition thereto (Docket No. 474), and for good cause shown, the Court finds and orders as follows:

1. *Nature of the Materials at Issue:* Exhibit 8 to Sun's February 12, 2010 Affidavit of Harold L. Segall and Sun's March 3, 2010 Corrected Affidavit of Harold L. Segall contains Beveridge & Diamond's ("B&D's") detailed invoices for work B&D performed for Sun in this matter from July 2000 to December 2009. These invoices contain detailed descriptions of the work performed by each attorney, paralegal, and legal assistant for each day over the course of the litigation. Sun has requested and Sheehan has agreed that Exhibit 8 should be filed under seal, as should any subsequent exhibit that reproduces portions of Exhibit 8. Sun withdraws its request to seal the Segall Affidavit, the Corrected Segall Affidavit and the Exhibits thereto other than Exhibit 8; and Sheehan's Memorandum in Opposition to Sun's Fee Petition and the Exhibits thereto. Sun does not seek to seal its response to Sheehan's Opposition, other than certain exhibits that reproduce portions of the invoices contained in Exhibit 8.

2. *Interests Warranting Filing Under Seal:* The detailed entries contained in the invoices at Exhibit 8 describe the work performed by B&D and reveal information regarding B&D's and Sun's litigation strategy and approach

2

and their handling of every aspect of this matter from large to small over the nine year duration of this litigation. They also reference and disclose the contents of privileged communications between B&D and Sun. This information is subject to work-product protection and attorney-client privilege. Disclosure of the invoices would reveal information regarding Sun's and B&D's strategy and approach in this litigation, and facts and issues identified and considered by Sun and B&D, that could be used to Sun's or B&D's detriment in future litigation involving the same or similar facts and issues. Prior to disclosing this information to Sheehan, Sun and Sheehan executed a confidentiality agreement protecting the information from disclosure to other parties and prohibiting use of the information for purposes other than this litigation. There is little or no public interest in disclosing B&D's invoices, which are tangential and unrelated to the substantive litigation that has now concluded.

3. *Clearly Defined and Serious Injury That Would Otherwise Occur:* As noted above, disclosure of Exhibit 8 and the detailed information contained in B&D's invoices would violate work-product protection and attorney-client privilege, and the information could be used to Sun's or B&D's detriment in any future litigation involving the same or similar facts and issues.

4. *Unavailability of Less Restrictive Option:* Redacting all privileged and sensitive information from the 715 pages of invoices included in Exhibit 8

3

would be unduly burdensome and is not warranted here given that there is little or no public interest in reviewing the invoices.

For the reasons stated above, and for good cause shown,

It is ORDERED that Sun's Motion to Seal Affidavit of Harold L. Segall and Accompanying Exhibits is withdrawn except with respect to Exhibit 8; and

It is FURTHER ORDERED that Sun's Corrected Affidavit of Harold L. Segall (except Exhibit 8) and Sheehan's Opposition, which previously were delivered to Judge Wigenton by Federal Express, will now be electronically filed; and

It is FURTHER ORDERED that Exhibit 8 to the Original and Corrected Affidavit of Harold L. Segall, as well as any exhibit filed by Sun or Sheehan that reproduces portions of Exhibit 8, be filed under seal, and not disclosed to the public or other parties in this matter beyond Sheehan and Sun. The parties should file any subsequent exhibits that reproduce portions of Exhibit 8 in paper with the Court in a confidential manner and ensure they are not disclosed publicly or to other parties in this matter.

The parties hereby consent to the terms and entry of the within Order:

_____
Harold L. Segall
Beveridge & Diamond, P.C.
*Counsel for Sun Pipe Line Company*

_____
Virginia G. White
Blank Rome LLP
*Counsel for Sheehan Pipe Line Construction Company*

SO ORDERED:

Dated: _____, 2010    _____
                                 SUSAN D. WIGENTON
                                 United States District Court Judge

5