PAULA T. DOW
ACTING ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093
Attorney for Plaintiffs
New Jersey Department of
Environmental Protection and
Administrator, New Jersey
Spill Compensation Fund

By: Mary Ellen Halloran
Deputy Attorney General
(609) 984-4863

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 98-5268 (SDW) |
| | : | |
| NCH CORPORATION; NATIONAL | : | |
| CHEMSEARCH CORPORATION OF | | |
| NEW JERSEY, INC.; AMERICAN | : | |
| ALLSAFE CO, INC., d/b/a | | |
| CERTIFIED LABORATORIES OF | : | |
| NEW JERSEY, INC.; MOHAWK | | |
| LABORATORIES OF NEW JERSEY, | : | |
| INC., or as a DIVISION OF | | |
| NCH CORPORATION; FMC | : | |
| CORPORATION; and LISBETH | | |
| HIGGINS, | : | |
| Defendants. | | |
| | : | |

NEW JERSEY DEPARTMENT OF          :
ENVIRONMENTAL PROTECTION;
and ADMINISTRATOR, NEW            :
JERSEY SPILL COMPENSATION
FUND,                             :

        Plaintiffs,

            v.              Civil Action No. 05-881 (SDW)
                               (consolidated)

HIGGINS DISPOSAL, INC.;
ESTATE OF CLIFFORD HIGGINS,
SR.; LISBETH HIGGINS,
individually; MIDCO WASTE
SYSTEMS (f/k/a Middlesex
Carting Corporation, Inc.,);
REPUBLIC SERVICE OF NEW
JERSEY, INC., (d/b/a Midco
Waste Systems); BERNARD
DINARDI, individually; ANDREW
DINARDI, individually;
CERTIFIED LABORATORIES OF
NEW JERSEY, INC. (a Division
of NCH Corp.); NATIONAL
CHEMSEARCH CORPORATION, INC.
(a Division of NCH Corp.); FMC
CORPORATION; MOHAWK
LABORATORIES OF NEW JERSEY,
INC.; NCH CORPORATION;
JOHN C. DOLPH COMPANY; and
WYETH HOLDINGS CORPORATION
(f/k/a American Cyanamid
Company),

        Defendants.

## CONSENT JUDGMENT

This matter was opened to the Court by Anne Milgram, Attorney General of New Jersey, Mary Ellen Halloran, Deputy Attorney General, appearing, attorney for plaintiffs New Jersey Department of Environmental Protection ("NJDEP"), and the Administrator of the New Jersey Spill Compensation Fund ("Administrator") (collectively, "the Plaintiffs"); and Kenneth H. Mack, Esq., and Linda J. Mack, Esq., appearing, attorneys for defendant FMC Corporation; Daniel H. Squire, Esq., appearing, attorney for defendants NCH Corporation, defendants National Chemsearch Corporation of New Jersey, Inc., American Allsafe Co., Inc., Certified Laboratories of New Jersey, Inc., and Mohawk Laboratories of New Jersey, Inc.; Debra Rosen, Esq., appearing, attorney for defendant Wyeth Holdings Corporation; Michael J. Barrett, Esq. appearing, attorney for defendant Angelo Covino; Frances Tomes, Esq., appearing, attorney for defendant Charles Richard Covino; Eileen Foley, Esq., appearing, attorney for defendants Middlesex Carting Corporation, Inc., Bernard Dinardi, and Andrew Dinardi; Carl R. Woodward, III, Esq., appearing, attorney for defendant The John C. Dolph

- 3 -

Company, Inc. (collectively, "the Settling Defendants"); and the Parties (as defined below) have amicably resolved their dispute before trial:

## I.   BACKGROUND

A.   Plaintiffs initiated this action ("the State Action") on December 29, 2004, by filing a complaint in Superior Court of New Jersey, Law Division, against Settling Defendants and others, pursuant to the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24 ("the Spill Act"), and the common law.

B.   On January 12, 2005, Plaintiffs filed an Amended Complaint to correct the omission of one of the defendants from the caption list.

C.   Plaintiffs, in their Amended Complaint, seek reimbursement of the costs they have incurred, and will incur, to remediate the Higgins Farm Site (as defined below), including but not limited to Natural Resource Damages, as defined herein, for any Natural Resource of this State that has been, or may be, injured as a result of the Discharge of Hazardous Substances (as defined below) at the Higgins Farm Property (as defined below) located in Franklin Township, New Jersey, as well as injunctive

-4-

and other relief.

D.    Settling Defendants and other defendants subsequently filed responsive pleadings in which they denied liability and asserted various defenses to the allegations contained in Plaintiffs' complaint.

E.    In April 2005, the State Action was removed to this Court and in September 2005, was consolidated with <u>United States v. NCH Corporation, et al.</u>, Civil Action No. 98-5268 (SDW) ("the United States Action"), an action brought by the United States Environmental Protection Agency ("EPA") to recover its response costs for the Higgins Farm Site.

F.    On October 26, 2006, this Court entered two Consent Decrees settling the United States Action as between the United States and FMC Corporation and NCH Corporation.

G.    By entering into this Consent Judgment with Plaintiffs, the Settling Defendants do not admit any liability arising from the transactions or occurrences Plaintiffs allege in the Amended Complaint filed in this action.

H.    Plaintiffs allege, and Settling Defendants deny, that "Hazardous Substances," as defined in N.J.S.A. 58:10-23.11b.,

-5-

have been "Discharged" at the Higgins Farm Property within the meaning of N.J.S.A. 58:10-23.11b.

I.    In December 1985, in response to a report of contaminated potable well water, plaintiff NJDEP commenced an investigation at the Higgins Farm Property and discovered the presence of buried drums on the Higgins Farm Property and the presence of hazardous substances in the soils and ground water at the Higgins Farm Site.

J.    In March, 1989, pursuant to Section 105 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9605, EPA placed the Higgins Farm Site on the National Priorities List, set forth at 40 C.F.R. Part 300, Appendix B.

K.    On September 24. 1990, EPA issued a Record of Decision ("1990 ROD") that provided, as an interim remedy, the installation of an alternate water supply for certain residences near the Higgins Farm Property.   By May 1993, the alternate water supply had been installed.

L.    From 1990 through 1992, EPA and plaintiff NJDEP conducted a Remedial Investigation and Feasibility Study at the Higgins Farm Site for a permanent groundwater remedy pursuant to

-6-

40 C.F.R. Part 300.430.

M. Sampling results from the Remedial Investigation revealed the presence of various hazardous substances in the ground water and soils at the Higgins Farm Site.

N. On September 30, 1992, EPA issued a second Record of Decision for the Higgins Farm Site ("1992 ROD") that documented EPA's selection of a permanent remedial action for the Higgins Farm Site - the design and construction of an on-site extraction and treatment system for contaminated ground water.

O. The design and construction of the treatment system took place between February 1993 and May 1998. The Higgins Farm Site treatment system commenced operations in May, 1998, and continues to operate.

P. Under the terms of one of the Consent Decrees entered by this Court for the United States Action, Settling Defendant NCH Corporation has assumed responsibility for the operation and maintenance of the Higgins Farm Site treatment system.

Q. Ground water is a Natural Resource of the State.

R. Plaintiff NJDEP has incurred, and may continue to incur, costs as a result of the Discharge of Hazardous Substances at the Higgins Farm Property.

-7-

S.    Plaintiff Administrator has certified for payment valid claims made against the Spill Fund concerning the Higgins Farm Site and may continue to approve other appropriations for the Higgins Farm Site.

T.    The Plaintiffs allege that they have incurred, and will continue to incur, costs and damages, including lost value and reasonable assessment costs, for any Natural Resource and Natural Resource service of this State that has been, or may be, injured as a result of the Discharge of Hazardous Substances at the Higgins Farm Property.

U.    The Plaintiffs allege that the costs and damages they have incurred, and will incur, for the Higgins Farm Site are "cleanup and removal costs" pursuant to N.J.S.A. 58:10-23.11b.

V.    The Parties to this Consent Judgment recognize, and this Court by entering this Consent Judgment finds, that the Parties to this Consent Judgment have negotiated this Consent Judgment in good faith; that the implementation of this Consent Judgment will allow the Parties to this Consent Judgment to avoid continued, prolonged and complicated litigation; and that this Consent Judgment is fair, reasonable, and in the public interest.

-8-

THEREFORE, with the consent of the Parties to this Consent Judgment, it is hereby ORDERED and ADJUDGED:

## II. JURISDICTION

1.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1367. This Court also has personal jurisdiction over the Parties to this Consent Judgment, solely for the purposes of implementing this Consent Judgment and resolving the State Action.

2.   The Parties to this Consent Judgment waive all objections and defenses they may have to jurisdiction of this Court, or to venue in this District in connection with the entry hereof. The Parties shall not challenge the Court's jurisdiction to enter and enforce this Consent Judgment.

## III. PARTIES BOUND

3.   This Consent Judgment applies to, and is binding upon, the Plaintiffs and the Settling Defendants.

## IV. DEFINITIONS

4.   Unless otherwise expressly provided, terms used in this Consent Judgment that are defined in the Spill Act, or in

-9-

the regulations promulgated under this act, shall have their statutory or regulatory meaning. Whenever the terms listed below are used in this Consent Judgment, the following definitions shall apply:

"Consent Judgment" shall mean this Consent Judgment and any appendices identified in Section XIX.

"Day" shall mean a calendar day unless expressly stated to be a working day. "Working day" shall mean a day other than a Saturday, Sunday, or State holiday. In computing time under this Consent Judgment, where the last day would fall on a Saturday, Sunday, or State holiday, time shall run until the close of business of the next working day.

"Future Cleanup and Removal Costs" shall mean all costs, including direct and indirect costs, that the Plaintiffs may incur to remediate the Higgins Farm Site after entry of this Consent Judgment.

"Higgins Farm Site" or "the Site" shall mean the Higgins Farm Property, consisting of approximately 74.5 acres of real property located on County Road 518, Franklin Township, Somerset County, New Jersey, this property being also known and designated as Block 5.02, Lots 26.01 and 26.01Q, on the Tax Map

of Franklin Township (the "Higgins Farm Property" or "the Property"), and all other areas where any Hazardous Substance Discharged at the Property has become located (collectively, "the Site" or "the Higgins Farm Site"), which plaintiff NJDEP has designated as Site Remediation Program Interest No. G000005807.

"Natural Resources," as used in this Consent Judgment, includes all land, fish, shellfish, wildlife, biota, air, waters, and other such resources owned, managed, held in trust or otherwise controlled by the State.

"Natural Resource Damages" shall mean all claims arising from the Discharge of Hazardous Substances at the Higgins Farm Property that occurred prior to the effective date of this Consent Judgment, and that are recoverable by the Plaintiffs as damages for injuries to Natural Resources under the Spill Act; the Water Pollution Control Act; the Oil Pollution Act, 33 U.S.C.A. §§ 2701 to -2761; the Clean Water Act, 33 U.S.C.A. §§ 1251 to -1387; CERCLA, 42 U.S.C.A. §§ 9601 to -9675; or any other state or federal common law, statute, or regulation, and include:

a.   The costs of assessing injury to ground water and

- 11 -

groundwater services, plaintiff NJDEP's Office of Natural Resource Restoration's oversight costs determined pursuant to N.J.A.C. 7:26C-9.3, attorney's fees, consultants and experts' fees, other litigation costs, and interest, incurred prior to the effective date of this Consent Judgment; and

b. Compensation for restoration of, the lost value of, injury to, or destruction of any Natural Resource and Natural Resource services.

Natural Resource Damages do not include:

a. Compliance with any statutory or regulatory requirement that is not within the definition of Natural Resource Damages; or

b. Requirements to clean up any contamination as a result of Discharges at the Property.

"Paragraph" shall mean a portion of this Consent Judgment identified by an arabic numeral or an upper case letter.

"Party" or "Parties" shall mean plaintiff NJDEP, plaintiff Administrator, and the Settling Defendants.

"Past Cleanup and Removal Costs" shall mean all costs,

- 12 -

including direct and indirect costs, that the Plaintiffs incurred on or before entry of this Consent Decree Judgment to remediate the Site.

"Plaintiffs" shall mean plaintiffs NJDEP, Administrator, and any successor department, agency or official.

"Section" shall mean a portion of this Consent Judgment identified by a roman numeral.

"Settling Defendants" shall mean defendants FMC Corporation, NCH Corporation, National Chemsearch Corporation of New Jersey, Inc., American Allsafe Co., Inc., Certified Laboratories of New Jersey, Inc., Mohawk Laboratories of New Jersey, Inc., The John C. Dolph Company, Inc., Wyeth Holdings Corporation, Angelo Covino, Charles Richard Covino, Middlesex Carting Corporation, Inc., Bernard Dinardi and Andrew Dinardi. Settling Defendants shall also include their respective officers, directors, employees, shareholders, predecessors, parents, successors, heirs, subsidiaries, assigns, trustee in bankruptcy, or receiver appointed pursuant to a proceeding in law or equity ("Related Entity"), but only to the extent that the alleged liability of any Related Entity for the Higgins Farm Site is based on its status and in its capacity as a Related

- 13 -

Entity, and not to the extent that the alleged liability of the Related Entity with respect to the Higgins Farm Site arose independently of its status and capacity as a Related Entity of any Settling Defendant. For the purpose of this Consent Judgment, Defendants Midco Waste Systems (f/k/a Middlesex Carting Corporation, Inc.) and Republic Service of New Jersey, Inc. (d/b/a Midco Waste Systems) shall each be a Related Entity.

## V.   PARTIES' OBJECTIVES

5.   The Parties' objectives in entering into this Consent Judgment are to protect public health and safety and the environment by the Settling Defendants agreeing to reimburse the Plaintiffs for an appropriate share of their Past Cleanup and Removal Costs, Future Cleanup and Removal Costs, and Natural Resource Damages, and in return for the Plaintiffs agreeing to resolve all of their claims against the Settling Defendants concerning the Site as stated in the Amended Complaint and this Consent Judgment.

## VI. SETTLING DEFENDANTS' COMMITMENTS

6.   Within 30 days of the Effective Date of this Consent Judgment, NCH Corporation and FMC Corporation, on their own

- 14 -

behalf and on behalf of the Settling Defendants, shall pay the Plaintiffs **$900,000** in partial reimbursement of the Plaintiffs' Past Cleanup and Removal Costs, Future Cleanup and Removal Costs, and Natural Resource Damages.

7. The amount specified in Paragraph 6 above shall be paid by wire transfer in accordance with written instructions to be provided by the Plaintiffs at the time of entry of this Consent Judgment.

8. At the time the funds are transferred for the payment required in Paragraph 6, a written confirmation of the wire transfer, bearing the confirmation number from the receiving institution for the transfer, shall be forwarded by telecopier to:

> Roger Butler
> New Jersey Division of Law
> Cost Recovery & Natural Resource Damages Section
> Fax number: (609) 984-9315.

## VII. PLAINTIFFS' COVENANT & RELEASE

9. In consideration of the payment being made pursuant to Paragraph 6, above, and except as otherwise provided in Section VIII, below, Plaintiffs covenant not to sue, or to take administrative action against Settling Defendants for

-15-

reimbursement of the Past Cleanup and Removal Costs and Future Cleanup and Removal Costs Plaintiffs have incurred, and will incur, for the Site.

10. In further consideration of the payment being made pursuant to Paragraph 6, above, Plaintiffs fully and forever release, covenant not to sue, and agree not to otherwise take administrative action against Settling Defendants for any and all of Plaintiffs' causes of actions for Natural Resource Damages.

11. The covenant and release contained in Paragraphs 9 and 10, above, shall take effect upon Plaintiffs receiving the payment pursuant to Paragraph 6, above, in full, and in the prescribed time and manner.

12. The obligation of NCH Corporation and FMC Corporation to pay the amounts owed to the Plaintiffs in the prescribed form and manner pursuant to Paragraphs 6 and 7, above, is joint and several, without regard to fault. In the event of insolvency or other failure by either party to satisfy any provision of this Consent Judgment, the remaining party shall satisfy such provision.

- 16 -

13. In further consideration of the payment pursuant to Paragraph 6, above, Plaintiffs shall dismiss with prejudice their claims against Settling Defendants and against the Related Entities identified in Paragraph 4, above, in the consolidated State Action and United States Action, by filing the Stipulation of Dismissal with Prejudice, attached hereto as Exhibit A.

## VIII. PLAINTIFFS' RESERVATIONS

14.     Plaintiffs' Pre-certification Reservations .

Notwithstanding any other provision of this Consent Judgment, the Plaintiffs reserve, and this Consent Judgment is without prejudice to, the Plaintiffs' right to sue or take administrative action to compel the Settling Defendants to reimburse the Plaintiffs for any additional costs, if, prior to Certification of Completion of the Remedial Action for the Higgins Farm Site:

i. conditions at the Site, previously unknown to EPA, are discovered; or

ii. information, previously unknown to EPA, is received, in whole or in part; and

-17-

these previously unknown conditions or information, together with any other relevant information, indicate to EPA that the Remedial Action for the Higgins Farm Site is not protective of human health and safety, or the environment, and as a result EPA incurs costs and institutes proceedings to recover those costs against NCH and/or FMC, respectively, under EPA's Consent Decrees with NCH and/or FMC, respectively.

15.  Plaintiffs' Post-certification Reservations

Notwithstanding any other provision of this Consent Judgment, Plaintiffs reserve, and this Consent Judgment is without prejudice to, Plaintiffs' right to sue or take administrative action to compel Settling Defendants to reimburse Plaintiffs for any additional costs if, subsequent to Certification of Completion of the Remedial Action for the Higgins Farm Site:

i.  conditions at the Site, previously unknown to EPA, are discovered; or

ii.  information, previously unknown to EPA, is received, in whole or in part; and

these previously unknown conditions or information, together with any other relevant information, indicate to EPA that the

Remedial Action for the Higgins Farm Site is not protective of human health and safety, or the environment, and as a result EPA incurs costs and institutes proceedings to recover those costs against NCH and/or FMC, respectively, under EPA's Consent Decrees with NCH and/or FMC, respectively.

16. The covenant and release contained in Section VII, above, do not pertain to any matters other than those expressly stated. Plaintiffs reserve, and this Consent Judgment is without prejudice to, all rights against the Settling Defendants concerning all other matters, including the following:

a. claims based on Settling Defendants' failure to satisfy any term or provision of this Consent Judgment;

b. liability arising from Settling Defendants' past, present or future Discharge or unsatisfactory storage or containment of any Hazardous Substance outside the Site;

c. liability for any future Discharge or unsatisfactory storage or containment of any Hazardous Substance by Settling Defendants at the Higgins Farm Property, other than as ordered or approved by EPA and plaintiff NJDEP;

d. criminal liability;

e. liability for any violation by Settling Defendants of

- 19 -

federal or state law that occurs during or after the remediation of the Site;

f.    liability for any claim pending or filed on or after the effective date of this Consent Judgment against the Spill Fund concerning the Site.

## IX.  SETTLING DEFENDANTS' COVENANTS

17.    Settling Defendants covenant not to oppose entry of this Consent Judgment by this Court, or to challenge any provision of this Consent Judgment, unless Plaintiffs notify Settling Defendants, in writing, that they no longer support entry of the Consent Judgment.

18.    Settling Defendants further covenant, subject to Paragraph 19, below, not to sue or assert any claim or cause of action against the State, including any department, agency or instrumentality of the State, concerning the Site.   This covenant shall include the following:

a. any direct or indirect claim for reimbursement from the Spill Compensation Fund ("Spill Fund") concerning the Site; and

b. any claim or cause of action concerning the remediation

- 20 -

of the Higgins Farm Site, including plaintiff NJDEP's
selection, performance or oversight of the remediation, or
plaintiff NJDEP's approval of the plans for the
remediation.

19. Settling Defendants' covenants not to sue or to assert
any claim or cause of action against the State pursuant to
Paragraphs 17 and 18, above, do not apply where Plaintiffs sue
or take administrative action against Settling Defendants
pursuant to Section VIII, above.

## X.  SETTLING DEFENDANTS' RESERVATIONS

20. Settling Defendants reserve, and this Consent Judgment
is without prejudice to, claims against the State of New Jersey,
subject to the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 to -
12-3; the New Jersey Contractual Liability Act, N.J.S.A. 59:13-1
to 13-10; the New Jersey Constitution, N.J. Const. art. VIII,
§2, ¶2; or any other applicable provision of law, for money
damages for injury or loss of property or personal injury or
death caused by the negligent or wrongful act or omission of any
State employee in relation to the Higgins Farm Site while acting
within the scope of his office or employment under circumstances
where the State, if a private person, would be liable to the

- 21 -

claimant. Any such claim, however, shall not include a claim for any damages caused, in whole or in part, by the act or omission of any person, including any contractor, who is not a State employee as that term is defined in N.J.S.A. 59:1-3; nor shall it include any such claim concerning the Site, including plaintiff NJDEP's selection of the remediation or plaintiff NJDEP's oversight or approval of Settling Defendants' plans or activities, relating to the remediation. The foregoing applies only to claims that Settling Defendants may bring pursuant to any statute other than the Spill Act and for which the waiver of sovereign immunity is found in a statute other than the Spill Act.

21. Nothing in this Consent Judgment shall be deemed to constitute preauthorization of a claim against the Spill Fund within the meaning of N.J.S.A. 58:10-23.11k. or N.J.A.C. 7:1J.

## XI. FINDINGS & ADMISSIONS OF LIABILITY

22. Nothing contained in this Consent Judgment shall be considered an admission by Settling Defendants, or a finding by Plaintiffs, of any wrongdoing or liability on the Settling Defendants' part for anything Plaintiffs have actual knowledge

of having occurred at the Site as of the effective date of this
Consent Judgment.

### XII. EFFECT OF SETTLEMENT & CONTRIBUTION PROTECTION

23.   Nothing in this Consent Judgment shall be construed to
create any rights in, or grant any cause of action to, any
person not a Party to this Consent Judgment.   The preceding
sentence shall not be construed to waive or nullify any rights
that any person not a signatory to this Consent Judgment may
have under applicable law.

24.   Each Settling Defendant expressly reserves all rights,
including any right to contribution, defenses, claims, demands,
and causes of action that each Settling Defendant may have
concerning any matter, transaction, or occurrence concerning the
Site against any person not a Party to this Consent Judgment.

25.   When entered, this Consent Judgment will constitute a
judicially approved settlement within the meaning of N.J.S.A.
58:10-23.11f.a.(2)(b)   and   42   U.S.C.A.   §   9613(f)(2)   for   the
purpose of providing protection to the Settling Defendants from
contribution actions. The Parties agree, and by entering this
Consent Judgment this Court finds, that Settling Defendants are

entitled, upon fully satisfying their obligations under this Consent Judgment, to protection from contribution actions or claims for matters addressed in this Consent Judgment.

26. In order for Settling Defendants to obtain protection under N.J.S.A. 58:10-23.11.f.b. from contribution claims concerning the matters addressed in this Consent Judgment, the Plaintiffs published notice of this Consent Judgment in the New Jersey Register and on plaintiff NJDEP's website on March 1, 2010, in accordance with N.J.S.A. 58:10-23.11e.2. Such notice included the following information:

    a.   the caption of this case;

    b.   the name and location of the Higgins Farm Property;

    c.   the names of the Settling Defendants; and

    d.   a summary of the terms of this Consent Judgment.

27. The Settling Defendants also published legal notices in three newspapers of general circulation in the area of the Property for a period of not less than three days, which notices contained the following information:

    a.   the name and location of the Property;

    b.   the name of each Settling Defendant;

    c.   a summary of the terms of this Consent Judgment;

    d.   the date public notice was published in the New Jersey

Register.

28.   The Plaintiffs, in accordance with N.J.S.A. 58:10-23.11e2, arranged for written notice of the Consent Judgment to all other potentially responsible parties of whom Plaintiffs had notice as of the date Plaintiffs published notice of the proposed settlement in this matter in the New Jersey Register in accordance with Paragraph 26.

29.   At the conclusion of a 30-day public comment period following publication of notice in the New Jersey Register, Plaintiffs will submit this Consent Judgment to the Court for entry pursuant to Paragraph 49, below, unless, as a result of the notice of this Consent Judgment pursuant to Paragraphs 26 through 28, above, Plaintiffs receive information that disclose facts or considerations that indicate to them, in their sole discretion, that the Consent Judgment is not in the public interest.

30. In any subsequent administrative or judicial proceeding initiated by Plaintiffs pursuant to Section VIII for injunctive relief, recovery of cleanup costs, or other appropriate relief

concerning the Site, each Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, the entire controversy doctrine or other defenses based upon any contention that the claims Plaintiffs raise in the subsequent proceeding were or should have been brought in this case; provided, however, that nothing in this Paragraph affects the enforceability of this Consent Judgment.

## XIII. GENERAL PROVISIONS

31.   Plaintiffs enter into this Consent Judgment pursuant to the police powers of the State of New Jersey for the enforcement of the laws of the State and the protection of the public health and safety and the environment.   All obligations imposed upon Settling Defendants by this Consent Judgment are continuing regulatory obligations pursuant to these police powers.

## XIV. ACCESS TO INFORMATION

32.   Upon receipt of a written request by one or more of the Plaintiffs, any Settling Defendant shall submit or make

available to Plaintiffs all information Settling Defendant has concerning the Site, including technical records and contractual documents.

33. Settling Defendants may assert a claim of confidentiality or privilege for any information submitted to Plaintiffs pursuant to this Consent Judgment. Settling Defendants, however, agree not to assert any privilege or confidentiality claim concerning data related to Site conditions, sampling, or monitoring.

## XV. RETENTION OF RECORDS

34. Each Settling Defendant shall preserve during the pendency of this Consent Judgment and for a minimum of seven (7) years after its effective date, all data and information, including technical records, potential evidentiary documentation and contractual documents, in that Settling Defendant's possession or in the possession of its divisions, employees, agents, accountants, contractors, or attorneys, which in any way concern the Site, despite any document retention policy to the contrary.

35. After the seven year period specified in Paragraph 34, above, any Settling Defendant may request of plaintiff NJDEP, in

writing, that it be allowed to discard any such documents. Such a request shall be accompanied by a description of the documents involved, including the name of each document, date, name and title of the sender and receiver and a statement of contents. Upon receiving written approval from plaintiff NJDEP, the Settling Defendant may discard only those documents the Plaintiffs do not require the Settling Defendant to preserve for a longer period.

## XVI. NOTICES AND SUBMISSIONS

36. Except as otherwise provided in this Consent Judgment, whenever written notice or other documents are required to be submitted by one Party to another, they shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing.

As to Plaintiffs NJDEP & Administrator:

Section Chief
Cost Recovery and Natural Resource Damages Section
Department of Law & Public Safety
Division of Law
Richard J. Hughes Justice Complex
P.O. Box 093
Trenton, New Jersey 08625-0093
(609) 984-4863

- 28 -

As to FMC Corporation:

John F. Stillmun, Esq.
Assistant General Counsel
FMC Corporation
1735 Market Street
Philadelphia, PA 19103

As to NCH, National Chemsearch Corporation of New Jersey, Inc., American Allsafe Co., Inc., Certified Laboratories of New Jersey, Inc., and Mohawk Laboratories of New Jersey, Inc.:

Michael J. Near, Esq.
Regulatory Affairs Counsel
NCH Corporation
P.O. Box 150172
2727 Chemsearch Boulevard
Irving, TX 75015

As to Wyeth Holdings Corporation

Ronald J. Schott Esq.
Wyeth Holdings Corporation
5 Giralda Farms
Madison, NJ 07940

As to John C. Dolph Company:

Jack Hasson, President
The John C. Dolph Company
P.O. Box 267
320 New Road
Monmouth Junction, NJ 08852

As to Charles Richard Covino

Francis A. Tomes, Esq.

- 29 -

150B Tices Lane
East Brunswick, NJ 08816-2015

As to Angelo Covino:

Michael J. Barrett, Esq.
Wilentz Goldman & Spitzer
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, NJ 07095

As to Bernard Dinardi, Andrew Dinardi and

Middlesex Carting Corporation, Inc.:

Eileen M. Foley, Esq.
Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl
2875 U.S. Highway #1
P.O.Box 7463
North Brunswick, NJ 08902

37.    All submissions shall be considered effective upon
receipt, unless otherwise provided in this Consent Judgment.

38.    Settling Defendants shall not construe any informal
advice, guidance, suggestions, or comments by Plaintiffs, or by
persons acting for them, as relieving any Settling Defendant of
its obligation to obtain written approvals or modifications as
required by this Consent Judgment.

## XVII. EFFECTIVE DATE

39.  The effective date of this Consent Judgment shall be the date upon which this Consent Judgment is entered by the Court.

## XVIII. RETENTION OF JURISDICTION

40.  This Court retains jurisdiction over both the subject matter of this Consent Judgment and the Parties for the duration of the performance of the terms and provisions of this Consent Judgment for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Judgment, or to effectuate or enforce compliance with its terms.

41.  Nothing in this Consent Judgment shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Judgment.

## XIX. APPENDICES

42.  The following appendix is attached to and incorporated into this Consent Judgment:

a.  "Appendix A" is a map showing the location of the Higgins Farm Site.

## XX.   MODIFICATIONS

43.   This Consent Judgment, including the appendix identified in Section XIX, represents the entire integrated agreement between the Plaintiffs and the Settling Defendants concerning the Site, and supersedes all prior negotiations, representations or agreements, either written or oral, unless otherwise specifically provided.

44.   Any notices or other documents specified in this Consent Judgment may only be modified by agreement of the Parties.  All such modifications shall be made in writing.

45.   All notices or other documents any Settling Defendant is required to submit to the Plaintiffs under this Consent Judgment shall, upon approval or modification by the Plaintiffs, be enforceable under this Consent Judgment.  All such approvals or modifications shall be in writing.

46.   In the event the Plaintiffs approve or modify a portion of a notice or other document that any Settling Defendant is required to submit under this Consent Judgment, the approved or modified portion shall be enforceable under this Consent Judgment.

47.   Nothing in this Consent Judgment shall be deemed to

alter the Court's power to enforce, supervise or approve modifications to this Consent Judgment that are made pursuant to this Section XX.

## XXI.   ENTRY OF THIS CONSENT JUDGMENT

48.   Settling Defendants consent to the entry of this Consent Judgment without further notice.

49. Upon conclusion of the public comment period specified in Paragraph 29, above, Plaintiffs shall promptly submit this Consent Judgment to the Court for entry.

50.   If for any reason the Court should decline to approve this Consent Judgment in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XXII. SIGNATORIES/SERVICE

51.   Each undersigned representative of a Party to this Consent Judgment certifies that he or she is authorized to enter into the terms and conditions of this Consent Judgment, and to execute and legally bind such party to this Consent Judgment.

52.   This Consent Judgment may be signed and dated in any number of counterparts, each of which shall be an original, and such counterparts shall together be one and the same Consent Judgment.

53.   Each Settling Defendant shall identify on the attached signature pages, the name, address and telephone number of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Judgment.   The Settling Defendants agree to accept service in this manner, and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure, including service of a summons.

SO ORDERED this 22nd day of June , 2010.

_____
Susan D. Wigenton, U.S.D.J.

- 34 -

NEW JERSEY DEPARTMENT OF
ENVIRONMENTAL PROTECTION


By: _____
    Ronald T. Corcory
    Assistant Director
    Site Remediation

Dated: 6/20/10

By: _____
    Amy Cradic, Assistant Commissioner
    Natural & Historic Resources

Dated: 6/17/10


NEW JERSEY SPILL COMPENSATION FUND

By: _____
    Anthony J. Farro, Administrator
    New Jersey Spill Compensation Fund

Dated:   6/18/10

- 35 -

ANNE MILGRAM, ATTORNEY GENERAL OF NEW
Attorney for Plaintiffs


By:  _____
     Mary Ellen Halloran
     Deputy Attorney General

Dated: 6/18/10

- 36 -

Fox Rothschild LLP
Attorneys for FMC Corporation

By: _____
        Linda Mack, Esq.

Dated: _2 - 4 - 1 o_____

Person Authorized to Accept Service on Behalf of FMC Corporation

Name: _____John F. Stillmun_____

Title: _____Assistant General Counsel___

Address: _____FMC Corporation_____
        _____1735 Market Street_____
        _____Philadelphia, PA 19103_____

Telephone No.: _____215-299-6989_____

NCH CORPORATION, NATIONAL CHEMSEARCH CORPORATION OF NEW JERSEY, INC., AMERICAN ALLSAFE CO., CERTIFIED LABORATORIES OF NEW JERSEY, INC., AND MOHAWK LABORATORIES OF NEW JERSEY, INC.

By: _____

Michael J. Near
Regulatory Affairs Counsel
NCH Corporation

Dated:  February 3, 2010

Person Authorized to Accept Service on Behalf of

NCH CORPORATION, NATIONAL CHEMSEARCH CORPORATION OF NEW JERSEY, INC., AMERICAN ALLSAFE CO., CERTIFIED LABORATORIES OF NEW JERSEY, INC., AND MOHAWK LABORATORIES OF NEW JERSEY, INC.

Name: The Corporation Trust
      Company

Title: Registered agent

Address: 820 Bear Tavern Road
         West Trenton, NJ 08628

Telephone No.: (609)538-1818

37

FOR DEFENDANT:
WYETH HOLDINGS CORPORATION


By: _____
Debra S. Rosen, ~~Esquire~~
Archer & Greiner, P.C.
Counsel for Wyeth Holdings
Corporation


Dated: March 1, 2010


Person Authorized to Accept Service on Behalf of Wyeth Holdings
Corporation:

            Name:    Ronald J. Schott, Esquire
         Address:    Wyeth Holdings Corporation
                     5 Giralda Farms
                     Madison, NJ  07940
    Telephone No.:(973) 660-6641


37

John C. Dolph Company

By: _Jack Hasson_

Title: _President_

Dated: _Feb 12, 2010_

Person Authorized to Accept Service on Behalf of John C. Dolph Company.

John J. Privitera
Esquire
MC NAMEE, LOCKNER, TITUS & WILLIAMS, P.C.
677 Broadway
Albany, New York 12207

By _(signature)_
Frances A. Tomes, Esq.

Dated:   March 3, 2010

Person Authorized to Accept Service on Behalf of

Charles Covino

Name:   Frances A. Tomes, Eq.

Title:   Attorney

Address:   150 Tices Lane

East Brunswick, NJ 08816

Telephone No.:   732-257-0601

37

By: Angelo Covino

Dated: 2/18/10

By: Michael J. Barrett

Person Authorized to Accept Service on Behalf of

Name: Michael J Barrett, Esq

Title: Attorney

Address: Wilentz Goldman & Spitzer
90 Woodbridge Center Dr
Woodbridge, NJ 07095

Telephone No.: (732) 855-6063

37

[INSERT A SEPARATE SIGNATURE PAGE FOR EACH SETTLING DEFENDANT.]

[Name of Defendant(s)]

Middlesex Carting Corporation Inc., Bernard Dinardi
Andrew Dinardi:

By:

[Name and Title of Person
Signing]
Eileen M Foley
Attorney at Law State of NJ

Dated: 3-1-10

Person Authorized to Accept Service on Behalf of [name of
defendant(s)].

Name: Eileen M. Foley Esq

Title: Attorney

Address: 2875 U.S. Hwy 1
North Brunswick NJ
08902

Telephone No.: 732-422-1000

- 37 -



http://oaspub.epa.gov/enviro/lrt_viewer.map_page?sys_id=110000872690
Last updated on Tuesday, November 24th, 2009.
Locational Reference Tables (LRT)

You are here: **EPA Home**    **Envirofacts**    **FRS**    Location Information



## Facility Location Information



**HIGGINS FARM SUPERFUND SITE**
**RT 518**
**FRANKLIN TWP NJ 08873**
**Latitude: 40.40638  Longitude: -74.60278**



--------------------------------------------------------------------

The latitude and longitude coordinates above come from the Envirofacts Locational Reference Tables (LRT). The method used to derive the Most Accurate Coordinates was INTERPOLATION - DIGITAL MAP SRCE (TIGER). These coordinates correspond to a reference point documented as 'OTHER' and represent the best location for the facility.

Query executed on NOV-24-2009

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>     v.<br><br>NCH CORPORATION, et al.,<br><br>                Defendants | CIVIL ACTION NO. 98-5268 (SDW) (MCA) |
| NEW JERSEY DEPARTMENT OF<br>ENVIRONMENTAL PROTECTION and<br>THE ADMINISTRATOR OF THE<br>NEW JERSEY SPILL COMPENSATION<br>FUND,<br><br>                Plaintiffs,<br>     v.<br><br>HIGGINS DISPOSAL, INC., et al.,<br><br>               Defendants. | **STIPULATION OF DISMISSAL<br>WITH PREJUDICE**<br><br><br>ELECTRONICALLY FILED |

Plaintiffs New Jersey Department of Environmental Protection ("NJDEP") and the

Administrator of the New Jersey Spill Compensation Fund ("Administrator") (collectively,

"Plaintiffs"), together with Defendants FMC Corporation, NCH Corporation, National

Chemsearch Corporation of New Jersey, Inc., American Allsafe Co., Inc., Certified Laboratories

of New Jersey, Inc., Mohawk Laboratories of New Jersey, Inc., John C. Dolph Company, Inc.,

Wyeth Holdings Corporation, Angelo Covino, Charles Richard Covino, Bernard Dinardi,

Andrew Dinardi, and Middlesex Carting Corporation, Inc. (collectively, "Settling Defendants"),

hereby stipulate as follows:

Plaintiffs hereby dismiss each of their claims in this consolidated action against Settling

Defendants, and against Defendants Midco Waste Systems (f/k/a Middlesex Carting

Corporation, Inc.) and Republic Service of New Jersey, Inc. (d/b/a Midco Waste Systems), with

prejudice and without costs, subject and pursuant to the terms of the Consent Judgment among

Plaintiffs and Settling Defendants.

> PAULA T. DOW
> ATTORNEY GENERAL OF NEW JERSEY
> Attorney for Plaintiffs New Jersey Department of
> Environmental Protection and Administrator,
> New Jersey Spill Compensation Fund

Dated: _____      By: _____
                            Mary Ellen Halloran
                            Deputy Attorney General

Dated: _____      _____
                            Kenneth Mack
                            Linda Mack
                            Fox Rothschild LLP
                            *Attorneys for FMC Corporation*

Dated: _____      _____
                            Daniel H. Squire
                            Wilmer Cutler Pickering Hale and Dorr LLP
                            *Attorneys for NCH Corporation, National Chemsearch*
                            *Corporation of New Jersey, Inc., American Allsafe Co.,*

2

*Inc., Certified Laboratories of New Jersey, Inc.,
and Mohawk Laboratories of New Jersey, Inc.*

Dated: _____      _____
                            Carl R. Woodward III
                            Carella, Byrne, Baine, Gilfillan, Cecchi, Stewart & Olstein
                            *Attorneys for John C. Dolph Company*

Dated: _____      _____
                            Debra S. Rosen
                            Archer & Greiner, P.C.
                            *Attorneys for Wyeth Holdings Corporation*

Dated: _____      _____
                            Michael J. Barrett
                            Wilentz Goldman & Spitzer
                            *Attorneys for Angelo Covino*

Dated: _____      _____
                            Francis A. Tomes
                            *Attorneys for Charles Richard Covino*

Dated: _____      _____
                            Eileen M. Foley
                            Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl
                            *Attorneys for Bernard Dinardi, Andrew Dinardi and
                            Middlesex Carting Corporation, Inc.*

3

Dated: _____          SO ORDERED:          _____
                                                     SUSAN D. WIGENTON, U.S.D.J.

  *State of New Jersey*
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 093
TRENTON, NJ 08625-0093

CHRIS CHRISTIE
*Governor*

KIM GUADAGNO
*Lt. Governor*

PAULA T. DOW
*Attorney General*

ROBERT M. HANNA
*Director*

June 21, 2010

**ELECTRONICALLY FILED**

Hon. Susan D. Wigenton,
U.S.D.J.
United States District Court
District of New Jersey
M.L. King, Jr., Federal Bldg. &
U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re: U.S. v. NCH Corp., et al., Civil Action No. 98-5268)
NJDEP, et al. v. Higgins Disposal, Inc., et al.
Civil Action No. 05-881 (consolidated)

Dear Judge Wigenton:

Filed this day is a fully executed Consent Judgment memorializing the settlement of the above-captioned matter between plaintiffs New Jersey Department of Protection and the Administrator of the New Jersey Spill Compensation Fund, and the following defendants: FMC Corporation; NCH Corporation, National Chemsearch Corporation of New Jersey, Inc.; American Allsafe Company, Certified Laboratories of New Jersey, Inc., and Mohawk Laboratories of New Jersey, Inc.; Wyeth Holdings Corporation; John C. Dolph Company; Charles Covino; Angelo Covino; Middlesex Carting Corporation, Bernard Dinardi and Andrew Dinardi.

Notice of this Consent Judgment was published in accordance with the requirements of the New Jersey Spill Compensation and Control Act, specifically N.J.S.A. 58:10-23.11e2. No comments objecting or otherwise commenting on the proposed



June 21, 2010
Page 2

settlement were received by Plaintiffs during the required 30-day
comment period.  Therefore, the parties request that this Consent
Judgment be entered by this Court.

    Upon compliance with the payment terms of the Consent
Judgment, the parties will forward for entry by this Court a signed
Stipulation of Dismissal With Prejudice, whereby Plaintiffs
formally dismiss their claims against the settling parties.

        Respectfully,

        PAULA T. DOW
        ATTORNEY GENERAL OF NEW JERSEY

By: _____
        Mary Ellen Halloran
        Deputy Attorney General

cc: All Counsel of
    Record (via electronic
    mail)

(Revised 06/10)

HIGGINS FARM
NJDEP, et al v. HIGGINS DISPOSAL, INC., et al.
SERVICE LIST

**COUNSEL FOR DIRECT DEFENDANTS**

**For Defendant NCH Corp.**
Daniel H. Squire, Esq.
Wilmer, Cutler & Pickering
 Hale & Dorr
1875 Pennsylvania Ave., N.W.
Washington, DC 20006

**For Defendant Lisbeth Higgins**
Herbert B. Bennett, Esq.
Sokol, Behot & Fiorenzo
229 Nassau Street
Princeton, NJ 08542

**For Defendant Charles R. Covino**
Frances Tomes, Esq.
Tortoreti, Tomes & Callahan
150 Tices Lane
East Brunswick, NJ 08816

**For Defendant FMC Corporation**
Linda Mack, Esq.
Kenneth Mack, Esq.
Fox Rothschild
Princeton Pike Corporate Center
997 Lenox Drive, Bldg. 3
Lawrenceville, NJ 08648

**For Defendant Middlesex Carting**
**Corp., Inc. and Andrew and**
**Bernard Dinardi**
Eileen Foley, Esq.
Jay Holub, Esq.
Borrus, Gold & Foley
2875 US Highway 1
P.O. Box 7463
North Brunswick, NJ 08902

**For Defendant Covino Industrial**
**Service**
Michael Barrett, Esq.
Wilentz, Goldman & Spitzer
90 Woodbridge Center Dr.,Ste 900
P.O. Box 10
Woodbridge, NJ 07095

**For Defendant Wyeth Holdings**
**(American Cyanamid)**
Debra Rosen, Esq.
Archer & Greiner
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033

**For Defendant John Dolph Company**
Carl Woodward III, Esq.
Carella, Byrne, Bain, Gilfillan,
 Cecchi, Stewart & Olstein
6 Becker Farm Road
Roseland, NJ 07068

COUNSEL FOR THIRD-PARTY DEFENDANTS

Dow Jones & Co, Inc.
Brian J. Whitman, Esq.
Wilson, Elser, Moskowitz,
 Edelman & Dicker
33 Washington Street, 17th Floor
Newark, NJ 07102

Firmenich Incorporated
Robert J. Cash, Esq.
Goldshore Cash & Kalac, PC
Crossroads Corporate Center
3150 Brunswick Pike, Suite 150
Lawrenceville, NJ 08648

Alan S. Garretson
d/b/a Russell Reid
Linton W. Turner, Jr., Esq.
Crawshaw Mayfield Turner
 O'Mara Donnelly & McBride
2201 Route 38, Suite 300
Cherry Hill, NJ 08002

Sheehan Pipeline Construction Co.
Virginia G. White, Esq.
Blank Rome LLP
Woodland Falls Corporate Park
210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002

Russell Reid Waste Hauling
& Disposal Service Co., Inc.
Carlton T. Spiller, Esq.
Greenbaum Rowe Smith & Davis
Metro Corporate Campus One
P.O. Box 5600
Woodbridge, NJ 07095-0988

Sun Pipe Line Co.
Katherine T. Gates, Esq.
Hal Segal, Esq.
Beveridge & Diamond, PC
1350 I Street NW, Suite 700
Washington, DC 20005-3311

Shell Chemical Company
Christopher J. McKenzie, Esq.
Beveridge & Diamond, PC
50 East Palisade Avenue
Suite 208
Englewood, NJ 076331-2933

OHM Remediation Services
Craig S. Hilliard, Esq.
Stark & Stark
Princeton Pike Corporate Center
993 Lenox Drive, Bldg. 2
P.O. Box 5313
Princeton, NJ 08543-5315

The Trustees of Princeton University
Debra S. Rosen, Esq.
Archer & Greiner
One Centennial Square
P.O. Box 3000
Haddonfield, NJ 08033